Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7019 | **DATE** | 5/22/2002 |
| **CASE TITLE** | Illinois Tool Works, Inc. Vs. Powers Fasteners, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We deny the motion to enforce the scheduling order, we deny the request for deposition, we deny the motion for disclosure, and we direct plaintiff to respond to the motion for summary judgment by July 15, 2002, with defendant to reply by August 5, 2002.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 MAY 22 PM 4:40 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILLINOIS TOOL WORKS, INC.,           )
                                      )
            Plaintiff,                )
                                      )
    vs.                               )    No. 01 C 7019
                                      )
POWERS FASTENERS, INC.,               )
                                      )
            Defendant.                )

MEMORANDUM OPINION AND ORDER

Plaintiff has a patent, United States Patent No. 5,069,340, for a "Strip of Collated Fasteners for Fastener-Driven Tool." In a layman's terms, the patent relates to a type of strips of sleeves holding fasteners to feed through a nail gun. Plaintiff claims defendant infringes. Defendant, among other things, argues that it clearly does not infringe either literally or by application of the doctrine of equivalents. It moves for summary judgment on that ground. Plaintiff complains that a scheduling order is already in place which provides for dispositive motions by October 30, 2002, and claims it needs further discovery before it can respond. It has moved to enforce the scheduling order, seeks time to complete expert analysis, wants to depose a person who wrote a brochure for defendant, and moves to compel disclosure of all other entities involved in the manufacture of the accused device. Contending none of that is necessary before plaintiff responds, defendant asks for a rather tight briefing schedule.

The invention claimed in the patent and the product sold by defendant are simple and straightforward: configured plastic strips with no moving parts. Plaintiff has samples of defendant's product, as originally and currently produced, and design drawings. While the

scheduling order does contemplate a dispositive motion schedule tied to October 30, 2002 ("on or before"), that is not cast in stone any more than a contemplated trial date next March. Patent litigation is generally an expensive undertaking. If it can be resolved early, or the issues refined, we see no reason not to seek to do so. Claim construction is a legal issue, and the outcome of claim construction may provide the answer to an equivalence claim. Perhaps defendant can prevail on summary judgment. But even if it cannot, that effort can be the run-up to a <u>Markman</u> hearing, which the scheduling order now sets for September, if necessary.

But what does plaintiff really need before responding to the motion? We see no purpose to be served at this time by a deposition of a brochure writer. Nor do we see the need for discovery from an Asian manufacturer and an Asian distributor, a complicated and probably lengthy process. Plaintiff's contention that something might turn up falters in the context of what is presently at issue, claim construction. But we think plaintiff is entitled to present an expert analysis in an orderly fashion. Perhaps expert analysis will not carry the day, if not for summary judgment, then in a <u>Markman</u> hearing. Perhaps plaintiff is seeking to redefine common terms. Plaintiff is, however, entitled to try. And defendant is not put to any expense from plaintiff so trying, unless it wishes to depose the expert or present an expert of its own.

We deny the motion to enforce the scheduling order, we deny the request for deposition, we deny the motion for disclosure, and we direct plaintiff to respond to the motion for summary judgment by July 15, 2002, with defendant to reply by August 5, 2002.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 22, 2002.