

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7019 | **DATE** | 8/27/2002 |
| **CASE TITLE** | Illinois Tool Works, Inc. Vs. Powers Fasteners, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant moves for summary judgment of non-infringement. That motion is denied, without prejudice to its later renewal. Status hearing set for September 17, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 2 8 2002 | |
| | Notified counsel by telephone. | | date docketed | 34 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILLINOIS TOOL WORKS INC., )
)
    Plaintiff, )
)
vs. ) No. 01 C 7019    AUG 2 8 2002
)
POWERS FASTENERS, INC., )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff sues for infringement of Patent 5,069,340 ('340 patent). Defendant moves for summary judgment of noninfringement. That motion is denied, without prejudice to its later renewal.

The subject matter of the '340 patent is a strip of collated fasteners for a fastener-driver tool. The strip feeds through a "nail gun" which serially drives the fasteners encased in the strip into whatever materials are being joined. The claim upon which plaintiff primarily relies is claim 9. It reads as follows:

> 9. A strip of collated fasteners, the strip comprising a plurality of fasteners and a carrier molded from a polymeric material, each fastener having an elongate shank with a pointed end and a head and being designed to be forcibly driven through a workpiece, into a substrate, the carrier comprising a separate sleeve associated with each fastener, a representative sleeve including a lower, annular portion and an upper portion integral with the annular portion, the representative sleeve gripping the shank of the associated fastener with the lower, annular portion nearer to the pointed end of the shank of the associated fastener and with the upper portion nearer to the head of the associated fastener, the upper portion having at least one outwardly opening, curved, concave recess having an open window, from which a portion of the shank of the associated fastener emerges, the carrier comprising frangible bridges between adjacent ones of the sleeve of the carrier.

Defendant contends that it does not literally infringe nor is it liable pursuant to the

doctrine of equivalents because its device, the Trak-It strip, differs from the invention claimed in claim 9 in four respects. It does not include an upper sleeve portion. Trak-It's upper portion does not grip the fastener. The accused device does not contain a concave (semi-circular) recess. And that device does not have an "open window" from which a portion of the fastener shank emerges. The accused device has a lower sleeve that grips the fastener. The upper portion, however, consists of two posts that do not enclose the fastener and do not grip it. Because there is no upper tubular sleeve, there is no concave surface, as the posts arise straight from a chamfered surface,[1] and there is no recess providing an open window to the fastener. In short, defendant contends that it has adequately designed around the claim and that it therefore does not literally infringe. And liability under the doctrine of equivalents is precluded by the "all elements rule."

In contrast, plaintiff argues that the upper portion of the accused device is a "sleeve" because it is an encasement into which the fastener fits and it is integral with the lower portion, which is a tubular sleeve even by defendant's standards. The upper portion need not grip the fastener if any portion of the sleeve does so (and plaintiff argues that the specifications and the preferred embodiment disclose that the upper portion does not grip the fastener in the described device), and the lower portion does grip the fastener. Moreover, the "nail gun" compresses the posts during operation, thus causing them to grip the fastener (a matter more germane to Count II). According to plaintiff, the chamfered surface, as it relates to the posts, provides a concave recess (although not a curved recess in the present version) because it provides an indentation which arches inward,[2] having an open window between

---

[1] That surface was originally curved.

[2] The recess also serves, we are told, to facilitate the breakaway function of claim 1 and related claims, but plaintiff does not contend that defendant infringes claims 1 through 8.

the posts which permits a portion of the fastener shank to emerge for engagement by the driver. Therefore, plaintiff contends, defendant's strip literally infringes.

The issue is claim construction, a matter of law, but one that arises in the context of a summary judgment motion, in which we have to draw all inferences in favor of the patentee. Plaintiff's claim constructions are somewhat expansive (although we do note that the posts do apparently, function to position the fastener and defendant's "recess" does permit the driver to engage the fastener, matters more relevant to the doctrine of equivalents than to literal infringement), but we cannot determine them as so implausible that we must reject them for purposes of summary judgment. We think claim construction is more properly left to a <u>Markman</u> hearing, which will result in a determination of claim construction based not only on the present record but upon a review, among other things, of the prior art. Defendant suggests at one point that the prior art would invalidate the patent if we construed the claim as broadly as plaintiff contends. But that is not presently before us. For now, we conclude that plaintiff's claim construction is not clearly negated by the claim language. We leave to another day the determination of what the proper construction may be. In those circumstances it is unnecessary to address the doctrine of equivalents contentions.[3]

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 27, 2002.

---

[3] The court thanks the parties for their very helpful presentations, which were of great assistance with respect to both the facts and the law.